IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **UNITED STATES ex rel. JAMES KRAXBERGER**, | ) ) ) | |
| Relator/Qui Tam Plaintiff, | ) ) | Case. No. 11-CV-0590-W-FJG |
| v. | ) ) | |
| **KANSAS CITY POWER & LIGHT CO.**, | ) ) | |
| Defendant. | ) ) ) | |

## KANSAS CITY POWER & LIGHT COMPANY'S
## MOTION TO RECONSIDER

Defendant Kansas City Power & Light Company ("KCP&L") respectfully requests that this Court reconsider its January 24, 2013 Order (Doc. No. 61) permitting Relator James Kraxberger to file a second amended complaint, and denying KCP&L's motion to dismiss (Doc. No. 20) as moot. In support of this motion, KCP&L states as follows:

1. On December 7, 2012, Relator filed a "Motion for Leave to File Document Under Seal," which stated that Relator "desired" to file a motion for leave to amend his complaint based upon "information contained in the documents" produced by KCP&L in discovery. Doc. No. 48, p. 1. Because the motion to amend contemplated by Relator would include information that KCP&L designated as "confidential" under the terms of the parties' agreed protective order (Doc. Nos. 46, 55), Relator sought leave to file the motion to amend under seal.

2. KCP&L consented to Relator's request, noting that: "To the extent Relator's forthcoming motion contains information designated as "confidential" under the terms of the

parties' agreed protective order, KCP&L has no objection to Relator's request and agrees that the Motion for Leave to File an Amended Complaint should be filed under seal." Doc. No. 52, p. 1. *See also* Exhibit A (clarifying that KCP&L does "not consent…to the actual filing of an amended complaint" but "merely agree[s] that if a motion seeking leave to file an amended complaint is filed, it may be filed under seal to protect the confidentiality of information contained in the motion/amended complaint").

3. Subsequently, on January 24, 2013, this Court issued an Order granting "Plaintiff's Motion for Leave to File Amended Complaint," and denying KCP&L's motion to dismiss as moot. Doc. No. 61. Citing to Doc. No. 52, the Order states that KCP&L "does not oppose Plaintiff's Motion." Doc. No. 61, p. 2.[1]

4. KCP&L has not, however, consented to Relator's filing of a second amended complaint. To the contrary, as reflected in Doc. Nos. 48 and 52, KCP&L merely agreed that any "forthcoming" motion to amend should be filed under seal. Doc. No. 48 does not reflect a motion by Relator to amend his pleading under Rule 15 of the Federal Rules of Civil Procedure. Instead, Doc. No. 48 merely seeks leave to *file* such a motion under seal.

5. To date, Relator has <u>not</u> filed a Rule 15 motion to amend his complaint. If, or when, such a motion is filed, KCP&L intends to oppose the motion.

Amendment Would Be Futile

6. The stated basis for Relator's yet-to-be-filed motion to amend is that information produced by KCP&L in discovery has "enabled [Relator] to plead the case with additional particularity….." Doc. No. 48, p.1. Controlling authority, however, expressly forbids Relator

---

[1] The Order refers to the title of Doc. No. 48 as "Motion for Leave to File Amended Complaint Under Seal." In fact, however, Doc. No. 48 is titled "Motion for Leave to File Document Under Seal." Likewise, the description appearing on the ECF docket titles the entry "Motion for Leave to File Motion for Leave to File Amended Complaint Under Seal."

from relying on information produced by KCP&L in discovery for purposes of meeting the heightened pleading standard[2] required by the False Claims Act. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 559 (8th Cir. 2006) (holding that discovery obtained from qui tam defendant may not be used to meet the pleading requirements of Rule 9(b)). *See also U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.,* 360 F.3d 220, 231 (1st Cir. 2004) ("[A]llowing a relator to plead generally at the outset and amend the complaint at the 12(b)(6) stage after discovery would be at odds with the FCA's procedures for filing a qui tam action…").

7. The False Claims Act does not permit Relator to "plead his complaint generally at the outset and [then] 'fill in the blanks' following discovery." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d at 559. Indeed, the clear intention of Rule 9(b) is to prevent fraud claims based upon facts "learned through the costly process of discovery." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 380 (4th Cir. 2008).

8. Accordingly, Relator's proposed amendment is futile, and leave to amend should be denied. *U.S. ex rel. Raynor,* 690 F.3d at 958 (holding that "futility constitutes a valid reason for denial of a motion to amend") (citation and quotations omitted).

9. The amendment contemplated by Relator is also futile because—as set out in KCP&L's Motion to Dismiss and Suggestions in Support (Doc. Nos. 20-21)—claims arising from alleged representations made by KCP&L regarding the availability of electricity rates are barred by the Filed Rate Doctrine. *See* Doc. No. 21, p. 14-17. Likewise, irrespective of the level of "particularity" pled, Relator has failed to allege the existence of any false certification (express or implied) by KCP&L. *See* Doc. No. 21, p. 8-14. Thus, not only is the

---

[2] *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.,* 690 F.3d 951, 956 (8th Cir. 2012) ("This court has repeatedly applied Rule 9(b)'s heightened pleading standard to causes of action under the Act.").

proposed amendment futile, but Relator's First Amended Complaint (Doc. No. 10) should be dismissed because it fails to state a claim upon which relief can be granted.

10. In sum, KCP&L respectfully requests that this Court (a) reconsider its February 24, 2013 Order (Doc. No. 61), (b) deny as futile Relator's proposed request to file a Second Amended Complaint, and (c) grant KCP&L's Motion to Dismiss (Doc. No. 20).

Respectfully submitted,

**GRAVES BARTLE MARCUS & GARRETT, LLC**

/s/ Clayton J. Callen_____
Todd P. Graves, Mo. Bar No. 41319
Edward D. Greim, Mo. Bar No. 54034
Clayton J. Callen, Mo. Bar No. 59885
1100 Main Street, Suite 2700
Kansas City, MO 64105
(816) 256-3181 (telephone)
(816) 256-5958 (facsimile)
tgraves@gbmglaw.com
edgreim@gbmglaw.com
ccallen@gbmglaw.com

*Counsel for Defendant KCP&L*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument to which this certificate is attached was filed *via* ECF on January 28, 2013, effecting service on:

Edward D. Robertson, Jr.
Anthony L. DeWitt
BARTIMUS, FRICKLETON
 ROBERTSON & GORNY, P.C.
715 Swifts Highway
Jefferson City, MO 65109
aldewitt@sprintmail.com
chiprob@earthlink.net

Jeffrey J. Carey
CAREY LAW FIRM, LLC
229 SE Douglas Street, Suite 210
Lee's Summit, MO 64063
carey@carey-lawfirm.com

*Counsel for Relator*

Thomas M. Larson
United States Attorney
400 E. 9th Street, Suite 5510
Kansas City, MO 64106
tom.larson@usdoj.gov

In addition, a true and correct copy of the foregoing instrument was served *via* electronic mail on January 28, 2013, to the following:

Jenelle M. Beavers
United States Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Jenelle.Beavers@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　/s/ Clayton J. Callen
　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant KCP&L