## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| United States ex rel. James Kraxberger, ) | |
| ) | |
| Relator/Qui Tam Plaintiff, ) | |
| vs. ) | No. 11-0590-CV-W-FJG |
| Kansas City Power & Light Co., ) | |
| ) | |
| Defendant. ) | |

### ORDER

The joint motion to open discovery and amend scheduling order (Doc. #130), filed April 11, 2013, is granted. Discovery is reopened for the limited purpose of completing KCP&L's final production of documents and to permit resolution of any disputes related to that production. Discovery will close May 3, 2013. The Court amends its second amended scheduling and trial order (Doc. #103) as follows.

### THIRD AMENDED SCHEDULING AND TRIAL ORDER

1. **INDICES**

Counsel should note that the scheduling and trial order indices are provided for their convenience only. **All parties are directed to review the entire text of this order**. The schedules fixed herein will not be extended except for good cause shown and upon further written order of the Court.

2. **FILING DOCUMENTS**

All documents shall be filed on ECF no later than 4:00 p.m. on the date the document is due.

3. **STATUS REPORTS**

The parties shall file a status report with the Court on or before **November 15, 2012**, outlining the progress of this case and advising the Court of any potential problems related to discovery or any other matters.

1

## I. SCHEDULING
### INDEX

| | | |
|---|---|---|
| 1. | Reopened discovery<br>Except depositions scheduled on | **May 3, 2013**<br>March 15, 2013<br>March 25, 2013<br>March 26, 2013 |
| 2. | Motion to join additional parties | December 18, 2012 |
| 3. | Motion to amend pleadings | February 14, 2013 |
| 4. | Motion for summary judgment | **May 3, 2013** |
| 5. | Other motions | **May 3, 2013** |
| 6. | Supplement to discovery response | Ten days before pretrial conference |
| 7. | Asserting party's expert affidavit(s)<br>Defending party's expert affidavit(s)<br>Rebuttal affidavit(s)<br>Challenges<br>Daubert motions | November 30, 2012<br>December 28, 2012<br>February 21, 2013<br>March 7, 2013<br>March 14, 2013 |

---------------------------------------------------------------------------------------------------------------------

Pursuant to Rules 16(b) and 26(f), Fed. R. Civ. P., and upon consideration of the parties' proposals in the matter, the following time schedule is established.

1. **DISCOVERY**

Discovery is reopened for the limited purpose of completing KCP&L's final production of documents and to permit any dispute related to that production. That discovery will close May 3, 2013. The prior period of discovery closed March 14, 2013, except for depositions scheduled on March 15, 25 and 26, 2013. **Close of discovery means that all discovery, including the taking of depositions, shall be completed not simply submitted on the date specified by this paragraph. Any last minute discovery submitted too late for the opposing side to timely discover may be stricken.** Counsel should also note that the Court expects discovery to proceed

2

**in a timely manner. The filing of a dispositive motion does not preclude the parties from conducting discovery.**

    a.    The Court reserves the right to exercise control over the taking of depositions in any case. The Court may either limit the total number of depositions or place a time limitation on the taking of depositions in general. <u>**Any proposed deposition lasting longer than seven hours requires prior approval by the Court. Proposing counsel shall file a motion explaining the justification for such deposition(s).**</u>

    b.    **Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.** The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied.

    c.    In the event that a teleconference is needed, please email your request to my chambers at marylynn.shawver@mow.uscourts.gov. The request should include a typed description of the discovery dispute, using a 12 pitch font and not exceeding two pages in length. These teleconferences are intended to resolve one or two issues that do not require authoritative briefing. Where multiple and complex issues are involved, motion practice is appropriate. If you have questions regarding the appropriateness of your dispute for a teleconference, please ask my judicial assistant.

    2.    **MOTION TO JOIN ADDITIONAL PARTIES**

Any motion to join additional parties will be filed no later than December 18, 2012. Where a motion to join additional parties is granted, plaintiff will telephone the Court's judicial assistant at (816)512-5630 to discuss a deadline for filing any proposed amendments to the scheduling and trial order.

    3.    **MOTION TO AMEND PLEADINGS**

Any motion to amend pleadings shall be filed no later than February 14,

2013.

4. **MOTIONS FOR SUMMARY JUDGMENT**

All motions for summary judgment shall be filed no later than May 3, 2013. Further, no motion for summary judgment will be entertained absent strict compliance with the following provisions:

a. Any motion for summary judgment shall fully comply with the provisions set forth in Local Rule 7.0; and

b. No deviations from Local Rule 7.0 will be allowed absent leave of Court obtained **PRIOR** to filing non-conforming documents. Unless prior Court approval is granted, motions for leave to deviate from Local Rule 7.0 that are filed contemporaneously with a non-conforming filing shall be denied.

5. **OTHER MOTIONS**

All other motions, except those which, under Rule 12(h)(2) or (3), Fed. R. Civ. P., may be made at any time, and except for motions in limine and discovery motions, shall be filed (with supporting suggestions) no later than May 3, 2013. Absent full compliance with Rule 7.0, these motions will be denied.

6. **SUPPLEMENT TO DISCOVERY RESPONSES**

Any supplement to discovery responses under Rule 26(e), Fed. R. Civ. P. will be filed no later than ten days before the scheduled pretrial conference. This obligation extends to expert affidavits.

7. **EXPERT TESTIMONY.**

a. A party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705, Fed. R. Evid.

1. Standard discovery deadlines include submission of expert affidavits required by Rule 26(a)(2)(B), Fed. R. Civ. P. The affidavit requirement is subject to the provisions of Rule 26(b)(4) of said rules. Plaintiff shall submit its expert affidavit no

later than November 30, 2012, defendant no later than December 28, 2012, and rebuttal no later than February 21, 2013. These deadlines also apply to the submission of reports pursuant to subparagraph 7(e) of this order, as well as to identifying "fact" witnesses under 7(e)(1). No affidavits or reports are required for 7(e)(1) fact witnesses. Any challenge to the qualifications of a proposed expert, objections to the foundation of expert testimony, or challenge to a 7(e)(1) fact expert must be submitted to the Court no later than March 7, 2013. The objecting party should cite specific reasons for its objection and cite any authority to support that position. Objections not raised by this deadline are waived and may not be raised for the first time at trial. Additionally, any motion to strike proffered expert testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), must be made no later than **March 14, 2013**.

       2.    **Any further discovery relative to the information and opinions reflected in the expert affidavits shall be by Court order**. The party requesting further discovery shall file a motion specifying what additional discovery is needed, and stating in detail why additional discovery is necessary. <u>This motion shall be filed within five days of the close of discovery</u>. The opposition to said request shall be filed within five days thereafter. Counsel should be advised that this request for additional discovery will not be automatically granted.

       b.    One of the **purposes of the expert affidavit** is to set forth the substance of a direct examination. If properly done, the expert affidavit should eliminate the need for deposing some experts. Consequently, the detailed statements in the affidavit are essential.

       c.    A party's expert witness will be permitted to testify at trial only in conformity with that witness's affidavit unless otherwise ordered by the Court.

       d.    Any expert affidavit to be submitted under this section shall be filed with this Court.

       e.    Treating physicians may testify as fact witnesses, expert witnesses, or both. To the extent that a treating physician may testify as an expert, compliance with 7(a)-(d) is required. To the extent that a treating physician may testify as a fact witness,

production of an affidavit or records is not required, however the party intending to use such fact testimony shall disclose the name of that witness by the deadline indicated by 7(a)(1).

    1.    Fact Witnesses: A treating physician will be considered a fact witness when testifying as to information developed or opinions drawn during the treatment of a patient so long as the information or opinions were necessary in furtherance of the patient's treatment. Examples of fact testimony include: the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any. This is a non-exhaustive list of examples.

    2.    Expert Witnesses: A treating physician will be considered an expert witness when testifying outside the scope of 7(e)(1). Examples of expert testimony include: testimony as to medical matters unrelated to the actual care and treatment administered, testimony regarding the patient's previous care unrelated to the treatment at issue, and opinions that were not derived from the treating physician's personal knowledge of the case or were developed or acquired in anticipation of litigation. This is also a non-exhaustive list of examples.

    3.    For the purpose of this paragraph, a "treating physician" is a doctor including psychiatrist, dentist or other practitioner of the healing arts.

## II. TRIAL

### INDEX

| | | |
|---|---|---|
| | Pretrial teleconference | July 18, 2013 |
| | Trial setting | August 12, 2013 |
| 1. | Stipulation of fact | **May 24, 2013** |
| 2. | Witness list, in camera witness list, | **May 24, 2013** |
| 3. | Exhibit lists | **May 24, 2013** |
| | Stipulation to identity and authentication of exhibits | **May 24, 2013** |
| 4. | Deposition designations | |
| | Designations | **May 24, 2013** |

6

|     |                                        |                |
| --- | -------------------------------------- | -------------- |
|     | Objections, counterdesignations        | **May 31, 2013** |
|     | Objections to counterdesignations      | **June 7, 2013** |
| 5.  | Instructions                           | May 21, 2013   |
| 6.  | Voir dire questions                    | May 28, 2013   |
| 7.  | Objections to proposed voir dire and proposed instructions | June 4, 2013 |
| 8.  | Motions in limine, trial brief         | June 11, 2013  |
| 9.  | Responses to motions in limine<br>Responses to trial briefs | June 18, 2013 |

---

Pretrial teleconference will be held on July 18, 2013, at 9:30 a.m. Counsel for plaintiff shall initiate the teleconference to the Court at telephone number 816-512-5630.

IT IS ORDERED that this cause be set for jury trial on the docket commencing August 12, 2013. Counsel shall have the responsibility to maintain contact with the courtroom deputy at telephone number (816)512-5644 to determine case position on the docket. All matters will be heard at the United States Courthouse in Kansas City, Missouri, unless otherwise notified by the courtroom deputy.

1. **STIPULATION OF ANY UNCONTROVERTED FACTS**

A stipulation of any uncontroverted facts shall be filed no later than May 24, 2013. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter or personal jurisdiction, the parties shall file a joint statement to that effect.

2. **WITNESS LISTS**

Each party shall file a witness list no later than May 24, 2013. The witnesses shall be listed in alphabetical order.

***IN CAMERA* WITNESS LISTS** shall be filed simultaneously with each parties' witness list and shall include the subject matter that each witness will testify about and the exhibits each witness will identify or use; the length of time needed for direct examination of each witness; and the order in which you propose to call each witness. You shall provide an **estimate of the amount of time it will take to cross-examine**

**opposing parties' witnesses** within **five days** of their disclosure.

*In camera* submissions of witness lists **may be electronically filed under seal with leave of Court being waived**. *Pro se* litigants may alternatively submit their *in camera* witness lists by emailing the document to the courtroom deputy at rhonda.enss@mow.uscourts.gov or providing a paper copy to her. Faxed copies of *in camera* witness lists will not be accepted.

**PLEASE NOTE** that counsel may, if desired, file and serve the information detailed above instead of making a separate *in camera* submission.

3. **EXHIBIT LISTS**

Each party shall file an exhibit list no later than May 24, 2013. Each exhibit listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. A copy of the exhibit index will be attached to the copy of the exhibit list.

A **STIPULATION TO THE IDENTITY AND AUTHENTICATION OF EXHIBITS** shall be filed no later than May 24, 2013. If no exhibits can be stipulated to, the parties shall file a joint statement to that effect.

4. **DEPOSITION DESIGNATIONS.**

a. **All parties** shall file any designation by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case-in-chief in connection with such claim or claims no later than May 24, 2013.

b. **All parties** shall file objections to proposed deposition testimony designated by any other party pursuant to subparagraph 4(a) no later than May 31, 2013.

c. **All parties** shall file a designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties pursuant to subparagraph 4(a) no later than May 31, 2013.

d. **All parties** shall serve and file any objections to proposed deposition testimony designated by any other party pursuant to subparagraph (4)(c) no later than June 7, 2013.

e.  **Deposition designations, objections and counterdesignations shall be properly marked (color coded) and submitted to the Court 30 days before trial.**

5.  **INSTRUCTIONS**

All proposed instructions that the parties believe appropriate shall be taken from or drawn in the manner of Model Civil Jury Instructions for the Eighth Circuit. The Missouri Approved Instructions (MAI) may be used if there is no Eighth Circuit instruction available. An original (without sources) and one copy (with sources) of all said instructions shall be emailed to the courtroom deputy in non-pdf format at rhonda.enss@mow.uscourts.gov and the source copy filed on ECF no later than May 21, 2013. If a non-MAI instruction is proposed (because none of the authoritative sources requested above have instructions on this subject), the source of such instruction should be provided. **The Court expects to receive jointly agreed to instructions from the parties. Separate instructions are appropriate only where the parties cannot agree upon a specific instruction. In that instance, opposing counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction.**

6.  **VOIR DIRE QUESTIONS**

All parties shall serve and file all proposed voir dire questions no later than May 28, 2013.

7.  **OBJECTIONS TO PROPOSED VOIR DIRE AND PROPOSED INSTRUCTIONS**

All parties shall file their objections to any proposed voir dire question and/or proposed instruction no later than June 4, 2013.

8.  **MOTIONS IN LIMINE, TRIAL BRIEFS**

All parties shall file all motions in limine with supporting suggestions no later than June 11, 2013. Any desired trial brief shall be filed no later than June 11, 2013.

9.  **RESPONSES TO MOTIONS IN LIMINE AND RESPONSES TO TRIAL**

**BRIEFS**

All parties shall file and serve responses to earlier filed motions in limine and responses to earlier filed trial briefs no later than June 18, 2013.

10. The Court may place time limits on opening statements, and direct- and cross-examination of all witnesses. You should be prepared to support your representations as to the length of trial. (See paragraph 2 above.)

11. In furtherance of the efficient use of judicial resources, the following rules of Court will be imposed.

   a. All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court.

   b. Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner.

   c. Motions for judgment as a matter of law submitted under Rule 50 shall be filed with the Court as soon as possible but no later than the night before the anticipated completion of testimony.

   d. Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their position.

   e. Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their examination.

**PLEASE NOTE** that a witness not listed in accordance with this order will <u>not</u> be permitted to testify, except for good cause shown and with leave of Court; and that an exhibit not listed or deposition testimony not designated in accordance with this order will <u>not</u> be received in evidence, except for good cause shown and with leave of Court. All witnesses shall be instructed to be available for testimony as of the first day of trial scheduled herein, should the Court so require.

IT IS SO ORDERED.

                                                  /s/Fernando J. Gaitan, Jr.
                                                  Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge

Dated: April 17, 2013
Kansas City, Missouri